

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-4019
Re: Power of superintendents of
eleemosynary institutions to
discharge patients.

You asked the opinion of this Department upon
the following questions:

May the superintendents of a State hospital for
the mentally ill arbitrarily discharge a patient committed
thereto by a court and jury:

a. In the absence of a court order?
b. In the absence of permission or re-
commendation of the Board of Control?

Section 5 of Article 683, prescribing the powers
and duties of the Board of Control, provides in part that
the Board shall have power:   "To discharge, upon recommen-
dation of the superintendent, any officer, employe or in-
mate. . . ."

Article 3175 provides in part:

"Each superintendent shall: (1) Receive
and discharge patients . . . ."

Article 3176 provides in part that the superin-
tendent shall have power:   "To remove for good cause, with
the consent of the Board, any officer, teacher or employe.
. . ."

It is to be noted that, in the case of discharg-
ing officers, teachers, and employees, the Board and the

superintendent exercise a joint authority under statute,
neither can act without the recommendation or consent of
the other. (See our Opinion No. O-1857) But in the case
of discharging patients, the Legislature did not thus cir-
cumscribe the authority of the superintendent. Instead,
it empowered the superintendent to "discharge patients",
without conditioning the exercise of such authority upon
"the consent of the Board."

Observing the language used by the Legislature
in respect to the discharge of officers and employees by
the superintendent, as compared with that used in respect
to the discharge of patients by him, we are of opinion
that the Legislature did not intend that the superintend-
ent must have the permission of the Board to discharge
patients. We believe it was intended to confer upon the
superintendent the broad authority to discharge patients,
and that the power of the Board to discharge patients is
cumulative of that possessed by the superintendent, the
Board's power in such respect being restricted by limit-
ing its exercise to those instances where the superintend-
ent recommends the discharge.

If reason for such construction, independent of
the language of the statutes, need be assigned, we think
it is found in the nature of the power to be exercised.
The superintendent of the institution is required to be
a skilled physician experienced in the treatment of in-
sanity. Article 3184. Whether a patient is to be dis-
charged must be determined by an appraisal of his physical
and mental condition, with due regard for his own welfare
and that of the public. This is an issue which can be-
resolved effectively only from personal observation of the
patient by a skilled physician experienced in the diagnosis
and treatment of mental diseases. In the absence of language
requiring such construction, we are not prepared to hold
that the Legislature intended that the judgment of the
superintendent in respect to this matter should be re-
viewed by the Board, whose manifold duties do not permit
of personal observation of patients, and whose members are
not required to possess the qualifications necessary to

determine the question involved.

That the Legislature intended the power to discharge patients to be exercised by the superintendent without prior permission or approval of the Board is further evidenced by the policy expressed in Article 3193l, Vernon's Revised Civil Statutes, which expressly commits to the superintendent alone the decision upon the question of allowing inmates to leave the institution for temporary periods of absence not exceeding twelve months, with additional leave of absence at the expiration of such period to be granted "by the superintendent or upon his recommendation". No sufficient reason appears why the Legislature would have conferred upon the superintendent the broad power to allow temporary absences without requiring the consent of the Board thereto, while requiring the Board's consent to a discharge.

Your question as to whether the superintendent may discharge a patient without permission of the Board is therefore answered in the affirmative. You asked whether the superintendent may discharge a patient "arbitrarily". If you mean to inquire whether the Legislature intended that the superintendent should exercise an unbridled discretion to discharge a patient without regard to his physical or mental condition, the welfare of the patient and that of the public, we answer that no such power was intended to be conferred. The statute contemplates that the superintendents shall be vested with discretion to determine whether the condition of the patient is such that with due regard for his welfare and that of the public he may be discharged from the institution. It is intended that this discretion will be exercised reasonably, rather than arbitrarily. However, as in the case of every public officer to whom the exercise of an official discretion is confided, there always exists the power in the officer, though not the right, to decide wrong as well as right. Where a discretion is confided to a public officer, it is possible that he may abuse it. That he may abuse it, however, does not argue against the existence of the authority. Where the decision of the officer is final, as here, the remedy for abuse of discretion, or arbitrary action, is removal of the offending officer.

Honorable Harry Knox, Chairman, Page 4

A court order is not a condition precedent to the discharge of a patient by the superintendent. No statute that we have been able to find makes it so. The commitment of a patient is not for punishment, but for treatment. The order of commitment does not prescribe--indeed, the court is not empowered to determine--that-the person shall be confined in the institution for a definite period of time. The period of confinement hinges upon the physical and mental condition of the patient; to the superintendent of the institution, as noted above, is committed by statute the power of discharge when, in his opinion, the condition of the patient warrants it.

APPROVED JAN 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

